UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**FRS TRENCHCORE INC**  **CASE NO.  6:21-CV-01176**

**VERSUS**  **JUDGE JUNEAU**

**HOUSING AUTHORITY OF VILLE PLATTE ET AL**  **MAGISTRATE JUDGE PATRICK J. HANNA**

## REPORT AND RECOMMENDATION

Before the Court are two motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by defendants Ville Platte Housing Authority ("VPHA") and J. Ronald Landreneau and Associates, Inc. ("Landreneau"). (Rec. Docs. 14, 19). The motions are opposed (Rec. Doc. 25). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motions before the Court be GRANTED.

### Factual Background

Plaintiff, FRS Trenchcore, Inc. ("FRS") is a Louisiana corporation[1] that contracted with VPHA in November of 2019 for the replacement of windows on various public housing units located in Ville Platte, Louisiana.  The work was

---

[1] Plaintiff's complaint avers that it is "a Louisiana corporation with its principal office located in Brusly, Louisiana." (Rec. Doc. 13 at ¶ 2).  The Court notes that the contract between Plaintiff and VPHA lists FRS' address as "6200 Savoy Drive, Suite 1202, Houston, TX 77036[.]" (Rec. Doc. 19-2 at p. 12).

contracted for the sum of $374,833.00 and was to be performed according to plans provided by VPHA using windows provided by VPHA's supplier. (Rec. Doc. 13 at ¶¶ 2, 6).

FRS submitted a series of requests for partial payment under the contract, which it refers to as "payment applications" using form HUD-51001. (*Id.* at ¶ 8). FRS's complaint describes timely payment of all claims until the submission of payment application #10, submitted on or about December 4, 2020 in the amount of $55,468.53 regarding windows for approximately seven (7) apartments. (*Id.* at ¶ 14). During a meeting held on or about January 8, 2021, VPHA disclosed to FRS its position that pay application #10 was not payable at that time due to outstanding punch list items to be completed by FRS. (*Id.* at ¶¶ 17-18).

Plaintiff's suit, filed in this Court on April 30, 2021, alleged breach of contract, unjust enrichment, and detrimental reliance claims under Louisiana law against VPHA and Landreneau jointly, and a separate Louisiana law claim for negligent interference with business or contractual relationship against VPHA individually. (*Id.*, generally). Plaintiff alleged subject matter jurisdiction under 28 U.S.C. § 1331, citing 28 C.F.R. § 135.3, et seq. and further pled this Court's supplemental jurisdiction over Louisiana law claims pursuant to 28 US.C. § 1391(b)(2).

Defendant Landreneau filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenging this Court's subject matter jurisdiction. (Rec. Doc. 3). Defendant VPHA filed its own Rule 12(b)(1) motion, adopting Landreneau's brief and supporting arguments and further urging the Court to dismiss Plaintiff's suit on the basis of res judicata, citing Plaintiff's June 2021 Petition for Writ of Mandamus in the Thirteenth Judicial District Court for the Parish of Evangeline, State of Louisiana. (Rec. Doc. 14). VPHA attached copies of Plaintiff's petition in that suit, as well as the state court's ruling in that action, dismissing Plaintiff's suit after hearing in open court based on the court's determination that Plaintiff was not entitled to mandamus relief, nor payment on the contract in question. The state court dismissed Plaintiff's suit at Plaintiff's costs by this judgment, dated March 17, 2021. (Rec. Doc. 14-5).

Thereafter, Plaintiff sought and was granted leave to amend its complaint, adding a fifth claim against VPHA under 2 C.F.R. § 200, *et seq.* for conflict of interest. (Rec. Doc. 13 at ¶¶ 36-39). Plaintiff demands attorney fees and costs pursuant to 42 U.S.C. § 1988 and "Louisiana laws." (*Id.* at p. 12).

Landreneau, accordingly, amended and refiled its motion to dismiss, tailoring its arguments to Plaintiff's amended complaint. (Rec. Doc. 19). Both Landreneau and VPHA's motions to dismiss are now briefed and properly before the Court for consideration.

## Law and Analysis

### *Rule 12(b)(1) Standard*

Federal courts are courts of limited jurisdiction, possessing only such authority as conferred under Article III of the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A motion pursuant to Rule 12(b)(1) seeks dismissal of one or more claims on the basis that the subject claim or claims fall outside the scope of the jurisdictional grant afforded to the court under the Constitution and statutes. Fed. R. Civ. P. 12(b)(1); *Home Builders Ass'n., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). A district court presented with a motion pursuant to Rule 12(b)(1) will apply a presumption against the existence of its own jurisdiction, placing upon the party invoking federal jurisdiction the burden of proof. *Id.*

As is true of all jurisdictional matters, a court presented with a challenge to jurisdiction will take up such matters first, refraining from the merits to the extent practicable until it has satisfied itself that no jurisdictional defect prevents its

4

exercise of authority of the claims of the case. *JTB Tools & Oilfield Services, LLC v. United States*, 831 F.3d 597, 599 (5th Cir. 2016) citing *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1995).

### *Subject-Matter Jurisdiction Over FRS' Claims*

Defendants' motions present a facial attack, as they were filed without supporting evidentiary materials, such as affidavits or testimony, for the purpose of resolving questions of fact central to the existence of jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When considering a Rule 12(b)(1) facial attack, the court presumes the truth of the complaint and evaluates whether such allegations form a basis for subject-matter jurisdiction when taken as true. *Id.*

> A complaint presents a federal question on its face when it "establishes either that federal law creates the cause of action or that the plaintiff's right necessarily depends on resolution of a substantial question of federal law."
>
> *Lindsey v. JPMorgan Chase Bank Nat. Ass'n.*, 2013 WL 2896897 (N.D. Tex. June 13, 2013) quoting *Singh v. Duan Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

In *Singh*, the Fifth Circuit instructed that federal causes of action are only properly invoked by state law claims when: (1) resolution of the federal issue is actually necessary to resolution of the state law claim(s); (2) the federal issue is actually disputed among the parties; (3) the federal issue is substantial; and (4) exercise of federal jurisdiction will not disturb the balance of federal and state responsibilities. *Singh*, 538 F.3d at 338.

The suit before this Court is premised upon breach of contract and tort claims arising from a construction contract between FRS and VPHA. FRS cites two federal bases for this court's subject-matter jurisdiction: 24 C.F.R. § 135 and 2 C.F.R. § 200.112. We examine the *Singh* factors relative to Plaintiff's claims under these federal provisions.

As argued by Defendants, 24 C.F.R. § 135 does not create a federal cause of action relative to HUD contracts. Rather, this unrelated regulation is part of a larger program within the Department of Housing and Urban Development ("HUD") aimed at directing improvement project funds toward contractors and subcontractors that provide employment opportunities for low- and very low-income persons. 12 U.S.C. 1701u. As this provision is unrelated to FRS' breach of contract claims, the Court finds a resolution of FRS' purported claim under 24 C.F.R. § 135 is not actually necessary to a resolution of its Louisiana contract or tort law claims. Although Plaintiff and Defendants dispute the viability of any claim available to Plaintiff under this provision, which we interpret as a "dispute" among them for purposes of this analysis, we do not find that the issue raised by this provision is "substantial," as – again – no right of action is created thereby. The Court does find that, were we to exercise jurisdiction over FRS' Louisiana contract and tort law claims based on the mere specter of a federal claim under a regulation with no supporting jurisprudence, such exercise would upset the balance of judicial

6

responsibilities, as we would encroach upon those matters reserved unto the states and exceed the scope of federal jurisdiction.

The above analysis applies equally to FRS' purported claim under 2 C.F.R. § 200, et seq. These regulations establish rules for grants and other financial assistance programs by "federal agencies" as that term is defined in 5 U.S.C. §551(1). FSC makes no showing regarding the applicability of these provisions to its claims in this case, namely that attorney C. Brent Coreil's 1986 registration as an agent for service of process with the Louisiana Secretary of State as to VPHA represents an undisclosed conflict of interest in violation of 2 C.F.R. § 200, *et seq.* Attorney Coreil, counsel for defendant Landreneau in this suit, does not deny his prior registration on behalf of VPHA, however VPHA denies that it is a federal agency for these purposes and, further, that attorney Coreil's now-31-year-old registration as an agent for service violates any provision of law. The Court agrees that this claim appears to be meritless.

The *Singh* factors indicate that FRS' purported federal claims do not invoke federal subject matter jurisdiction in this case. What remains are FRS' Louisiana law contract and tort claims.[2] This Court lacks subject matter jurisdiction over such claims and, on that basis will dismiss them without prejudice.

---

[2] Although the Court believes FRS' claims under 24 C.F.R. § 135 and 2 C.F.R. § 200, *et seq.* fail to state claims upon which relief might be granted under Fed. R. Civ. P. 12(b)(6), no such dismissal will be recommended herein, given

***Rooker-Feldman Doctrine***

The Court need not continue its analysis but will address the remaining issues out of an abundance of caution. The *Rooker-Feldman* doctrine holds that a federal district court lacks jurisdiction to entertain collateral attacks on state judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983) (U.S. District Court has not authority to review final judgments of a state court); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).[3] A collateral attack occurs for purposes of *Rooker-Feldman* when federal claims brought before the federal district court are "inextricably intertwined" with a prior state court judgment or the party who suffered an adverse outcome as a result of the prior state court judgment now seeks "what in substance would be appellate review of the state judgment." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003); *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The doctrine does not prohibit district court jurisdiction over independent claims. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

---

the Court's primary finding of lack of subject matter jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) citing C. Wright & A. Miller, Federal Practice and Procedure: Civil s 1350 (1971).

[3] The Court notes that Plaintiff did not appeal the denial of the writ of mandamus, though such denial is an appealable decision under Louisiana law. *Coxe Property Management and Leasing v. City of New Orleans*, 294 So.3d 1098, 1106 (La. App. 4 Cir. April 8, 2020) quoting *Contr. Diva, LLC v. New Orleans Aviation Bd.*, 2016-0566 (206 So.3d 1029, 1032 (La. App. 4 Cir. December 14, 2016).

Plaintiff's suit before Louisiana's Thirteenth Judicial District Court sought relief under La. R.S. 38:2191(D), which creates a right of mandamus against public entities for payments due under public contracts when a public entity's failure to make progressive payments is found to be arbitrary or without reasonable cause. (Rec. Doc. 14-2 at ¶ 1). Plaintiff's state court petition details the same operative facts as alleged in its original and supplemental complaint before this Court, culminating in VPHA's denial of payment as to pay application #10, which forms the basis for this Plaintiff's claims. (*Id.* at ¶ 17). Our review of the transcript of the February 1, 2021 mandamus hearing before Judge West in Louisiana's Fifteenth Judicial District Court reveals that, were the Court vested with subject-matter jurisdiction, Rooker-Feldman would not bar Planitiff's suit.

By judgment dated March 17, 2021, the state court ruled in favor of VPHA, finding that Plaintiff was not entitled to mandamus relief based on its conclusion that Plaintiff had not shown VPHA's withholding of payment as to payment request #10 to be "arbitrary" or "without reasonable cause" as would entitle it to mandamus relief under La. R.S. 38:2191(D). (Rec. Doc. 30-1). Judge West expressly notes in his ruling that, while FRS may not have proven entitlement to the special writ sought, he could not say that they were not owed payment under the contract. (*Id.* at p. 225). In this way, Judge West acknowledges the difference between the limited relief

9

sought therein and the merits of the case, which the court did not reach in that proceeding.

## Conclusion

For the reasons discussed herein, the Court recommends that movant's motion be GRANTED and, accordingly, Plaintiff's suit be DISMISSED without prejudice based upon a lack of subject-matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 25th day of October, 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE